## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

DONNA KAY STUBBLEFIELD,    )
                               )
          Plaintiff,    )
                               )
v.                       )      Case No. CIV-13-048-FHS-KEW
                               )
CAROLYN W. COLVIN, Acting    )
Commissioner of Social     )
Security Administration,    )
                               )
          Defendant.    )

## REPORT AND RECOMMENDATION

Plaintiff Donna Kay Stubblefield (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164

(10th Cir. 1997)(citation omitted).   The term "substantial

evidence" has been interpreted by the United States Supreme Court

to require "more than a mere scintilla.  It means such relevant

evidence as a reasonable mind might accept as adequate to support

a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971)

(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229

(1938)).  The court may not re-weigh the evidence nor substitute

its discretion for that of the agency.  Casias v. Secretary of

Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Nevertheless, the court must review the record as a whole, and the

"substantiality of the evidence must take into account whatever in

the record fairly detracts from its weight."  Universal Camera

Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d

at 800-01.

### Claimant's Background

Claimant was born on August 12, 1961 and was 50 years old at

the time of the ALJ's decision.  Claimant completed her high school

education.  Claimant has worked in the past as a receiving clerk.

Claimant alleges an inability to work beginning August 12, 2011 due

to limitations resulting from lumbar disc degeneration causing back

pain and sciatic nerve pain from her buttocks down both legs into

her feet.

## Procedural History

On June 26, 2009, Claimant protectively filed for disability
insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the
Social Security Act.  Claimant's application was denied initially
and upon reconsideration.  On May 10, 2011,  an administrative
hearing was held before Administrative Law Judge ("ALJ") Gene M.
Kelly.  Additional evidence was submitted post-hearing which
required the ALJ to conduct a supplemental hearing on September 20,
2011.  On November 1, 2011, the ALJ issued an unfavorable decision
on Claimant's application.  The Appeals Council denied review of
the ALJ's decision on November 27, 2012.  As a result, the decision
of the ALJ represents the Commissioner's final decision for
purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential
evaluation.  He determined that while Claimant suffered from severe
impairments, she retained the residual functional capacity ("RFC")
to perform a light work with some restrictions.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) improperly
ignoring all of the impairments and mental limitations; and (2)

finding Claimant retained the RFC to perform a significant number of alternative jobs.

### Evaluation of Claimant's Impairments

In his decision, the ALJ determined Claimant suffered from the severe impairments of back, legs, feet, obesity, depression, anxiety, hands, stomach, shoulders, hypertension, neck, shortness of breath, and hypertension. (Tr. 16). The ALJ also found Claimant retained the RFC to perform light work except she can lift and carry 20 pounds, stand and walk for 4 hours in an 8 hour workday at an hour interval, and sit for 6 hours in an 8 hour workday at a two hour interval. He further found Claimant would need to make at least brief positional changes at the end of those periods but she would be able to make production quotas. The ALJ limited Claimant in her ability to bend, stoop, squat, and climb. Occasional operation of foot controls, occasional pushing and pulling with the right upper extremity, occasional reach over shoulder level and no overhead reaching with the right upper extremity. Claimant could reach the shoulder and no higher.

The ALJ limited Claimant to occasional kneeling and crouching. He found a slight limitation in finger, feel and grip with the right upper extremity. Claimant could use her right hand but should not be doing extensive tasks, small tedious tasks with the

right hand like pen and cut fastening, working with small nuts and bolts and "things of that nature." The ALJ found no restriction on the left. He restricted Claimant to low noise, low light work environments and found she should avoid dust, fumes, and gases. Claimant was also restricted from rough surfaces, unprotected heights, fast and dangerous machinery, and damp work environments. He placed a slight limitation upon her ability to twist and nod the head. He required easy access to restrooms. Claimant was restricted to simple work, repetitive and routine, in an attempt to limit stress and content. The ALJ found a "slight limitation" in Claimant's contact with the public, co-workers, and supervisors. (Tr. 18-19). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of food order clerk, inspecting and checking, addressing and light mail sorting, office helper and messenger, and cashier. (Tr. 23-24).

Claimant contends the ALJ failed to properly find all of Claimant's limitations as determined by Dr. John W. Hickman, a clinical psychologist. Dr. Hickman completed a Disability Evaluation Report on June 14, 2011. Dr. Hickman diagnosed Claimant with chronic pain syndrome associated with both psychological factors and a general medical condition, major depressive disorder, generalized anxiety disorder, history of Lortab addiction, and

6

personality disorder, NOS. Claimant was found to be under marked psychosocial stress from unemployment, social isolation, and financial stress. Dr. Hickman estimated Claimant's GAF at 55 with marked difficulties with mood. He concluded by stating he did not expect much change in Claimant's functioning in the future. Her prognosis was poor. Her chronic pain syndrome most likely had significant psychological components but she lacked insight and was not motivated for psychiatric treatment. (Tr. 751). Through testing, Dr. Hickman found Claimant suffered from severe subjective anxiety and severe subjective depression. (Tr. 750).

The ALJ acknowledged Dr. Hickman's testing and his diagnoses, including the finding of chronic pain syndrome. (Tr. 21). However, the ALJ concludes Claimant has not "made any genuine attempt to obtain any relief from her allegedly disabling mental symptoms." Id. This is not a basis for rejecting a diagnosis and failing to address the condition as a severe impairment. At the same time, the ALJ gave Dr. Hickman's opinion "great weight" when he found only moderate limitations in a medical source statement authored at the same time. (Tr. 22, 752-55).

Moreover, while the ALJ recognized the moderate limitations found by Dr. Hickman, he did not address the other mild limitations found in the same functional analysis. The ALJ cannot selectively

disregard portions of a medical professional's opinions while giving other portions great weight without providing specific and legitimate reasons for rejecting the disregarded portions.  Haga v. Astrue, 482 F.3d 1205, 1207-09 (10th Cir. 2007).  This Court must conclude that the ALJ's RFC findings were not supported by substantial evidence when he did not include all of Dr. Hickman's functional limitations or give specific reasons for not including the restrictions.

**Step Five Analysis**

As Claimant indicates, the ALJ appears to have not posed questions to the vocational expert at the supplemental hearing after receiving Dr. Hickman's consultative report.  The ALJ, therefore, did not include the limitations found by Dr. Hickman in any hypothetical question to the vocational expert despite affording Dr. Hickman's functional findings "great weight" and after determining that insufficient evidence regarding Claimant's mental impairment existed in the record when he questioned the vocational expert in the first hearing.  Additionally, since Claimant amended her onset date to a time after she attain the age of 50, the jobs available to Claimant are different under the regulations than when the vocational expert was questioned in the first hearing.  20 C.F.R. Pt. 404, Subpt. P, App. 2 § 201.00 *et*

*seq.* On remand, the ALJ shall re-question the vocational expert in light of the totality of Dr. Hickman's functional limitations and the Claimant's age at onset.

This Court acknowledges the oblique contention by Claimant that the ALJ acted with some irregularity at the supplemental hearing which lead to a belief that he was going to render a favorable decision for benefits. Claimant's allegations lack specificity, however, and consist largely of perceptions. As such, Claimant's contentions have no bearing upon this decision.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 12th day of March, 2014.


_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE